UNITES STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
SONYA GORBEA,

                Plaintiff

          -against-

VERIZON NEW YORK INCORPORATED,

                Defendants.
------------------------------------------------------------------------X

**COMPLAINT**

Docket No.:

**PLAINTIFF DEMANDS
A TRIAL BY JURY**

Plaintiff, SONYA GORBEA ("Gorbea"), by her attorneys MASON LAW, PLLC, files ther Complaint, against Defendant VERIZON NEW YORK INCORPORATED ("Verizon")

## NATURE OF THE CASE

1. Plaintiff complaints pursuant to the Americans with Disabilities Act of 1990 ("ADA"), the laws of the State of New York and the laws of the City of New York, seeking declaratory and injunctive relief and damages to redress the injuries Plaintiff has suffered as a result of being harassed, discriminated against and retaliated against on the basis of her disability and being denied reasonable accommodation by her employer.

## JURSIDICTION AND VENUE

2. The Court has jurisdiction pursuant to 42 U.S.C. §12101 et. seq.: 29 U.S.C. §2617; 28 U.S.C. §1331, §1343 and pendant jurisdiction thereto.

3. Venue is proper in ther district based upon Plaintiff's residency within the County of Richmond, State of New York, within the Eastern District of New York 28 U.S.C. §1391(b).

## PROCEDURAL POSTURE

4. In or about June 2017, Plaintiff Gorbea filed charges of discrimination upon with this Complaint is based with the Equal Employment Opportunity Commission ("EEOC")

5. Plaintiff received a Notice of Right to Sue from the EEOC, dated October 23, 2017 and received October 26, 2017, with respect to the herein charges of discrimination.

6. This action was commenced within 90 days of receipt of said Right to Sue letter.

## PARTIES

7. That at all times relevant hereto, Plaintiff Gorbea was a resident of the State of New York and the County of Richmond.

8. Plaintiff Gorbea was during all relevant times a Field Technician for Defendant Verizon.

9. Plaintiff suffers from Asthma, back problems as well as post-traumatic stress disorder (PTSD), depression and anxiety which qualify as disabilities under the ADA, New York State Human Rights Law and New York City Human Rights Law.

10. That at all relevant times, Defendant Verizon was and still is a business entity duly authorized and exiting by virtue of the laws of the State of New York.

11. That al all relevant times, Defendant Verizon does business in the State of New York.

12. That at all times relevant hereto, Defendant Verizon is located at 140 West Street, New York, New York 10007

13. That always relevant hereto, Plaintiff Gorbea was an employee of Defendant Verizon.

## MATERIAL FACTS

14. Ms. Gorbea began working for Defendant on or about June 9, 1997 as an operator and approximately eighteen (18) months later was promoted to the position of Field Technician.

15. On or about September 2011 Gorbea filed suit against Verizon in the Southern District of New York against Defendant Verizon under Docket No 11-CV-03758 alleging violations of the American with Disabilities Act in connection with her back pain and Asthma conditions.

16. That litigation was resolved in July 2014.

17. During the entirety of that litigation Gorbea was out of work on disability leave.

18. On September 29th, 2014 Gorbea returned to work at Defendant Verizon and was assigned to Verizon's FIOS facility located at 638-644 West 132nd Street, New York, New York.

19. On or about October 13, 2014, Plaintiff sustained a severe ankle injury that resulted in her going on disability leave from October 2014 until September 14, 2015 when she returned to work.

20. On September 14, 2015, Gorbea reported to work and met with her new supervisor Courtney Johnson ("Johnson"). From September 2015 through April 2016 Gorbea received training and worked under Johnson as an exemplary employee able to perform all aspects of her job with accommodations as needed.

21. On April 11, 2016, Gorbea reported to work and had a disagreement with Johnson and the Shop Steward Ross Harrison ("Harrison") about training and overtime.  After their conversation Gorbea indicated to Johnson that she was not feeling well and apparently suffered an anxiety attack.  Johnson told Gorbea not to worry and indicated that he would give her the next day – April 12, 2016 – off from work.  Gorbea responded that she may

need more than one day off. Gorbea was able to conclude her work day and proceeded to her physician for medical attention immediately afterward. Gorbea's doctors indicated that she should not report to work on April 12th, 2016.

22. Johnson never reported the April 11, 2016 incident to Verizon.

23. On April 12, 2016, pursuant to her physician's order Gorbea did not report to work.

24. On April 13, 2016 Gorbea was informed that her union the Communication Workers of America ("CWA") was on an employee organized work stoppage effective April 13th, 2016 and therefore Gorbea did not report to work.

25. On April 26, 2016, Gorbea called MetLife, the administrator of Verizon's disability benefits, to report her absence and submit documentation, including doctor's notes, to MetLife requesting disability leave as of April 12, 2016.

26. On April 29, 2016, MetLife notified Gorbea that her disability leave request was denied and in or around May 2016, Gorbea appealed the decision.

27. On June 1, 2016, all CWA unit employees returned to work from the strike and in early June 2016, Gorbea was notified by MetLife that her appeal was approved.

28. Gorbea was out on disability leave from June 1, 2016 until July 1, 2016 when she returned to work.

29. On Saturday July 9, 2016, Plaintiff Gorbea reported work for overtime. However, the Shop Steward, Phil Cruzado stated to Gorbea that no overtime was available for her and that she should go home. When Gorbea objected, Cruzado advised that the issue could be dealt with during a subsequent grievance and that Gorbea should go home. Gorbea continued to object and began to feel ill and sat down in a chair. Mr. Ryan said he was going to go and make a call and both he and Mr. Cruzado left the office and went into the garage area.

    Shortly thereafter Ryan returned to the office alone and told Gorbea that corporate security on the speaker phone. Marty from Verizon security thanked me for coming in and told me that my services were not needed and that Gorbea should proceed home. Gorbea explained that she was not feeling well. Marty repeated that Verizon would have to call the police and have her arrested for trespassing if she did not leave. Gorbea asked Marty to call an ambulance because she needed oxygen. Marty responded that as Gorbea was not scheduled to work that day, it was not a worker's compensation matter. Gorbea repeated her request for oxygen and an ambulance to which Marty replied that they would call the ambulance. Ultimately, Gorbea left the work site without assistance.

30. On July 11, 2016, Gorbea reported to work. Corporate security met with her to investigate the July 9 incident. Following the meeting Gorbea was mandated to meet with someone from Verizon's Employee Assistance Program. ("EAP"). Gorbea met with an EAP representative later that day.

31. On August 4, 2016, around 2:30pm Gorbea met with Mr. Pagan and gave her a written warning for the July 9, 2016 incident.

32. On Monday August 8, 2016, Gorbea visited her doctor and explained how stressed she was becoming at work due to Verizon's treatment of her. Her doctor advised Gorbea not to return to work.

33. On or about August 9, 2016 Gorbea's request for disability benefits from Verizon through MetLife however Verizon failed to accommodate Gorbea's disability.

34. Gorbea was absent from work from August 9th, 2016 through December 29th, 2016 when Verizon advised her that her employment was terminated.

35. Verizon refused to accommodate Ms. Gorbea's disability. As a result, Gorbrea lost substantial income, quality of life and has suffered and has since been terminated from her employment.

36. Defendant's hostile actions created an unlawfully hostile working environment, which no reasonable person could tolerate.

37. As a result of the Defendant's discriminatory and intolerable treatment of Plaintiff, she suffered severe emotional distress and physical ailments.

38. As a result of the acts and conduct complained of herein, Plaintiff has suffered a loss of income, the loss of a salary, bonus, benefits, and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

39. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages as against the Defendant.

## AS A FIRST CAUSE OF ACTION FOR DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT

40. Plaintiff repeats and realleges each and every paragraph above as if said paragraphs were more fully set forth herein at length.

41. Plaintiff claims Defendants violated the Americans with Disabilities Act of 1990 (Pub. L. 101-336) (ADA), as amended, as these titles appear in volume 42 of the United States Code, beginning at section 12101.

42. Title 42 of the Americans with Disabilities Act of 1990, Chapter 126, Subchapter I, Section 12112, Discrimination [Section 102] states: "(a) General rule. - No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

43. Defendants engaged in an unlawful discriminatory practice by discriminating against Plaintiff because of her disability.

44. As such Plaintiff has been damaged as set forth herein.

## AS A SECOND CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

45. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of ther Complaint as if more fully set forth herein at length.

46. The Administrative Code of City of NY § 8-107 [1] provides that, "It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

47. Defendants violated the section cited herein as set forth.

## AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

48. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of ther Complaint as if more fully set forth herein at length.

49. The New York City Administrative Code Title 8, §8-107 (7) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discharge . . . or otherwise discriminate against any person because such person has opposed any practices forbidden under ther chapter. . ."

50. Defendants violated the section cited herein as set forth.

## AS A FOURTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

51. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of ther Complaint as if more fully set forth herein at length.

52. The New York City Administrative Code Title 8, §8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel, or coerce the doing of any of the acts forbidden under ther chapter, or attempt to do so."

53. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory and unlawful conduct.

## AS A FIFTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

54. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of ther Complaint as if more fully set forth herein at length.

55. New York City Administrative Code Title 8-107(19) Interference with protected rights. It shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of her or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to ther section.

56. Defendants violated the section cited herein as set forth.

## AS A SIXTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

57. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of ther Complaint as if more fully set forth herein at length.

58. New York City Administrative Code Title 8-107(13) Employer liability for discriminatory conduct by employee, agent or independent contractor.
    a. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of ther section other than subdivisions one and two of ther section.

b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of ther section only where:

   i. the employee or agent exercised managerial or supervisory responsibility; or

   ii. the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or

   iii. the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

c. An employer shall be liable for an unlawful discriminatory practice committed by a person employed as an independent contractor, other than an agent of such employer, to carry out work in furtherance of the employer's business enterprise only where such discriminatory conduct was committed in the course of such employment and the employer had actual knowledge of and acquiesced in such conduct.

59. Defendants violated the section cited herein as set forth.

## INJURY AND DAMAGES

60. Because of the acts and conduct complained of herein, Plaintiff GORBEA has suffered and will continue to suffer the loss of a career and the loss of a salary, bonuses, benefits and other compensation which such employment entails, out-of-pocket medical expenses and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, injury to her reputation, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

## JURY DEMAND

61. Plaintiff demands a trial by jury.

*WHEREFORE*, Plaintiff respectfully requests a judgment against the Defendants:

a) Declaring that the Defendants engaged in unlawful employment practices prohibited by Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq. ("ADA") and the New York City Human Rights Law, Administrative Code § 8-107 et seq. (the "NYCHRL"), by discriminating against Plaintiff on the basis of her disability, and then unlawfully terminating her employment in retaliation for requesting a reasonable accommodation for her disability;

b) Awarding damages to the Plaintiff, retroactive to the date of her discharge for all lost wages and benefits resulting from Defendants' unlawful termination of her employment and to otherwise make him whole for any losses suffered as a result of such unlawful employment practice;

c) Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to her reputation in an amount to be proven;

d) Awarding Plaintiff punitive damages;

e) Awarding Plaintiff attorney's fees, costs, and expenses incurred in the prosecution of the action;

f)  Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

Dated: New York, NY
January 22, 2018

_____/s/_____
D. Christopher Mason, Esq (DM4673)
MASON LAW, PLLC
11 Broadway
6th Floor – Suite 615
New York, New York 10004-1409
(212) 498-9691 phone
(212) 498-992 fax
cmason@masonlawpllc.com