# MANDATE

20-3486
*Gorbea v. Verizon New York Inc.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

1    **At a stated term of the United States Court of Appeals for the Second Circuit,**
2    **held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of**
3    **New York, on the 19th day of October, two thousand twenty-one.**
4
5    **PRESENT:**
6         **JOHN M. WALKER, JR.,**
7         **ROBERT D. SACK,**
8         **SUSAN L. CARNEY,**
9              *Circuit Judges.*
10   _____
11
12   **Sonya Gorbea,**
13
14              *Plaintiff-Appellant,*
15
16        **v.**                                    **No. 20-3486**
17
18   **Verizon New York Incorporated,**
19
20              *Defendant-Appellee.*
21
22   _____
23
24
25   **FOR PLAINTIFF-APPELLANT:**               SONYA GORBEA, *pro se*,
26                                              Staten Island, NY.
27
28   **FOR DEFENDANT-APPELLEE:**                SCOTT H. CASHER, White and
29                                              Williams LLP, Pleasantville,
30                                              NY.
31

MANDATE ISSUED ON 12/14/2021

1    Appeal from a judgment of the United States District Court for the Eastern District of New

2    York (Garaufis, *J*.).

3    **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND**

4    **DECREED** that the judgment of the district court is **AFFIRMED**.

5    Plaintiff-Appellant Sonya Gorbea sued her former employer, Defendant-Appellee Verizon

6    New York Inc. ("Verizon"), in January 2018 through counsel.   Gorbea alleged that Verizon fired

7    her because of her disabilities and failed to provide her with reasonable accommodations, in

8    violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq*.; New York

9    State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290 *et seq*.; and New York City

10   Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code §§ 8–101 *et seq*.   The district court

11   granted summary judgment to Verizon because it determined that Gorbea did not establish her

12   *prima facie* discrimination or failure-to-accommodate claims under any of these statutes.   Gorbea

13   appeals, now proceeding *pro se*.   We assume the parties' familiarity with the underlying facts,

14   procedural history, and arguments on appeal, to which we refer only as necessary to explain our

15   decision to affirm.

16   We review a grant of summary judgment *de novo*, "resolv[ing] all ambiguities and

17   draw[ing] all inferences against the moving party."   *Garcia v. Hartford Police Dep't*, 706 F.3d

18   120, 126–27 (2d Cir. 2013) (*per curiam*).   "Summary judgment is proper only when, construing

19   the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any

20   material fact and the movant is entitled to judgment as a matter of law.'"   *Doninger v. Niehoff*,

21   642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).   On a motion for summary

2

1    judgment, "[t]he moving party bears the initial burden of showing that there is no genuine dispute

2    as to a material fact.  But where the burden of proof at trial would fall on the nonmoving party,

3    the moving party can shift the initial burden by pointing to a lack of evidence to go to the trier of

4    fact on an essential element of the nonmovant's claim." *Jaffer v. Hirji*, 887 F.3d 111, 114 (2d Cir.

5    2018) (internal quotation marks, alteration, and citation omitted).

6        We "liberally construe pleadings and briefs submitted by pro se litigants, reading such

7    submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*,

8    864 F.3d 154, 156 (2d Cir. 2017) (*per curiam*).  Nonetheless, it is well-established that we

9    generally "will not consider an issue raised for the first time on appeal." *Greene v. United States*,

10   13 F.3d 577, 586 (2d Cir. 1994).  Moreover, "absent extraordinary circumstances, federal

11   appellate courts will not consider rulings or evidence which are not part of the trial record." *Int'l*

12   *Bus. Machines Corp. v. Edelstein*, 526 F.2d 37, 45 (2d Cir. 1975).  We therefore constrain our

13   review here to the claims and the record that were before the district court.  We do not consider

14   the new factual allegations and evidence that Gorbea offers on appeal, nor do we consider the new

15   claims that she raises for the first time in her briefing on appeal, including alleged violations of

16   Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, and the Family Medical

17   Leave Act, 29 U.S.C. §§ 2601 *et seq*.

18       **A.  ADA claims**

19       ADA claims are evaluated under the framework established in *McDonnell Douglas Corp.*

20   *v. Green*, 411 U.S. 792 (1973).  *See Sista v. CDC Ixis North America, Inc.*, 445 F.3d 161, 169 (2d

21   Cir. 2006).   Under that framework, the plaintiff bears the initial burden of establishing

22   a *prima facie* case.  *Id.*  We have explained that to do so,

3

a plaintiff must show by a preponderance of the evidence that: (1) [her] employer is subject to the ADA; (2) [s]he was disabled within the meaning of the ADA; (3) [s]he was otherwise qualified to perform the essential functions of [her] job, with or without reasonable accommodation; and (4) [s]he suffered adverse employment action because of [her] disability.  Similarly, to establish a *prima facie* case for failure to provide a reasonable accommodation, a plaintiff also must satisfy the first three factors, but for the fourth factor, [s]he must show by a preponderance of the evidence that [her] employer refused to make a reasonable accommodation.

*Woolf v. Strada*, 949 F.3d 89, 93 (2d Cir. 2020) (*per curiam*).   After a plaintiff establishes a *prima*

*facie* case of discrimination, the employer must demonstrate a legitimate, non-discriminatory

reason for the adverse employment action.  *See McDonnell Douglas*, 411 U.S. at 802.  If the

employer does so, the burden then shifts back to the plaintiff to present evidence that the

employer's proffered reason is pretext for discrimination.  *See id.* at 804–05.  If the plaintiff

cannot establish pretext, the employer is entitled to summary judgment.  *See Sista*, 445 F.3d at

173.

The district court properly found that Gorbea failed to establish the third element of a *prima*

*facie* case of discrimination: that she was "otherwise qualified to perform the essential functions"

of the field technician position, "with or without reasonable accommodation."   *Woolf*, 949 F.3d

at 93.   If an employee is unable to show up for work, she cannot perform the essential functions

of her job.   And an employee's sworn declaration that she is unable to work tends to "negate an

essential element of her ADA case," absent a "sufficient explanation."   *Cleveland v. Policy Mgmt.*

*Sys. Corp.*, 526 U.S. 795, 806 (1999); *see Rios v. Dep't of Educ.*, 351 F. App'x 503, 505 (2d Cir.

2009) (summary order) (affirming district court's decision that *pro se* plaintiff could not establish

that she was "'otherwise qualified' within the meaning of the ADA because she could not perform

the 'essential function' of regularly showing up to work").   Here, Gorbea testified under oath that

4

1    her doctors told her she could not return to full-time work with or without an accommodation from

2    August to December 2016 (and also in 2017 and 2018) because of her PTSD and depression, and

3    she did not return to work after August 9, 2016.   In Gorbea's reply brief, she admits that she "told

4    Verizon that I was unable to work for Verizon in any capacity, at that time."   Appellant's Reply

5    Br. at 8.   Because Gorbea was unable to perform an essential function of her job—i.e., showing

6    up to work, with or without reasonable accommodation—she was not "otherwise qualified" to

7    perform her job and failed to establish this element of a *prima facie* case of discrimination.

8         Furthermore, Gorbea did not establish the fourth element of her *prima facie* case—that she

9    suffered an adverse employment action because of her disability.   Gorbea failed to offer any

10   evidence that she was fired because of her disability; indeed, her counsel did not submit a

11   counterstatement of material facts or any evidence in opposition to Verizon's motion for summary

12   judgment.   When asked at her deposition why she thought that Verizon had discriminated against

13   her because of her disability, the sole reason Gorbea provided was that Verizon's claims

14   administrator had denied her request for short-term disability benefits.   On appeal, she does not

15   point to any evidence that was before the district court that could allow a reasonable jury to

16   conclude that she was fired because of her disability.

17        Instead, the evidence before the district court showed that Gorbea was fired because she

18   did not show up to work and she did not respond to Verizon's numerous letters explaining that her

19   absence was not excused, asking her to notify Verizon if there was an accommodation that would

20   help her return to work, and stating that she could be terminated if she did not return to work or

21   provide the information necessary for Verizon to consider an accommodation.   Gorbea's failure

22   to offer any evidence showing that Verizon terminated her employment because of her disability

5

1    means that Gorbea cannot establish a *prima facie* case of discrimination, much less show that

2    Verizon's proffered reason is pretextual.   The district court properly granted Verizon's motion for

3    summary judgment on this claim.

4           As to her failure-to-accommodate claim, Gorbea failed to establish the third element—that

5    she was "otherwise qualified" to perform the essential functions of the job—for the reasons

6    discussed above.   *Woolf*, 949 F.3d at 93.   In addition, Gorbea failed to establish the fourth

7    element, that Verizon failed to make a reasonable accommodation, because she admitted that she

8    never requested a reasonable accommodation from Verizon for her PTSD and depression, even in

9    response to Verizon's letters inviting her to request an accommodation, which she admits she

10   received.   *Id.*   Verizon therefore could not have "refused" to accommodate a request that was not

11   made.   *Id.*   Accordingly, we agree with the district court's conclusion that Verizon is entitled to

12   summary judgment on Gorbea's ADA claims.

13          **B.  NYSHRL and NYCHRL claims**

14          Discrimination claims under the NYSHRL are governed by the same legal standards as

15   federal ADA claims.   *See Rodal v. Anesthesia Grp. of Onondaga, P.C.*, 369 F.3d 113, 117 n.1 (2d

16   Cir. 2004).   Accordingly, the district court properly granted summary judgment to Verizon on

17   Gorbea's NYSHRL claims, which suffered from the same defects as her ADA claims.

18          Following amendments to the NYCHRL in 2005, we no longer construe the statute to be

19   "coextensive with its federal and state counterparts."   *Ya-Chen Chen v. City Univ. of New York*,

20   805 F.3d 59, 75 (2d Cir. 2015).   Instead, "courts must analyze NYCHRL claims separately and

21   independently from any federal and state law claims, construing its provisions broadly in favor of

22   discrimination plaintiffs to the extent that such a construction is reasonably possible."   *Id.* (internal

6

1    quotation marks omitted).   Nonetheless, under the NYCHRL, a "plaintiff still bears the burden of

2    showing that the [adverse employment action] is caused by a discriminatory motive."   *Mihalik v.*

3    *Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 110 (2d Cir. 2013).   Gorbea did not offer

4    any evidence that Verizon's decision to fire her was influenced in any way by discrimination, as

5    discussed above.

6        Similarly, Gorbea's NYCHRL failure-to-accommodate claim fails as a matter of law.   The

7    undisputed record before the district court reflects that Gorbea could not perform the essential

8    functions of her position, with or without a reasonable accommodation, and that she did not request

9    a reasonable accommodation.   "In any [disability discrimination] case where the need for

10    reasonable accommodation is placed in issue, it shall be an affirmative defense that the person

11    aggrieved by the alleged discriminatory practice could not, with reasonable accommodation,

12    satisfy the essential requisites of the job."   N.Y.C. Admin Code § 8-107(15)(b).   The district

13    court therefore properly granted summary judgment to Verizon on Gorbea's NYCHRL claims.

14                          \* \* \*

15        We have considered Gorbea's remaining arguments and find in them no basis for reversal.

16    For the reasons set forth above, the judgment of the district court is **AFFIRMED**.

17                                     FOR THE COURT:
18                                     Catherine O'Hagan Wolfe, Clerk of Court
19

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit